# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4819 | **DATE** | 1/27/2004 |
| **CASE TITLE** | \multicolumn{3}{l}{SHAKMAN et al vs. THE DEMOCRATIC PARTY ORGANIZATION OF COOK COUNTY et al} |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, defendants' motion to dismiss is granted. This action is dismissed in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | JAN 28 2004 |
| | Notified counsel by telephone. | date docketed |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | 1/27/2004 date mailed notice |
| JS | courtroom deputy's initials | Date/time received in central Clerk's Office — JS mailing deputy initials |

Document Number: 23

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. SHAKMAN and PAUL M. LURIE, et al., <br> Plaintiffs <br> v. <br> THE DEMOCRATIC PARTY ORGANIZATION OF COOK COUNTY, et al., <br> Defendants. | Case No. 03 C 4819 <br><br> Honorable James F. Holderman |
| CAMILLE KOZLOWSKI, et al., <br> Petitioners, <br> v. <br> JOHN STROGER, in his official capacity as President of the Cook County Board of Commissioners and EDWIN BURNETTE in his official capacity as the Cook County Public Defender, <br> Respondents. | |

DOCKETED JAN 28 2004

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On July 11, 2003, Camille Kozlowski, Darlene Williams, Susan Horn, Vicki Rogers, Moses Collins, Marc Miller and Kenneth Fletcher ("petitioners") – all are, or were until recently, employees of the Cook County Public Defender's Office – petitioned this court to enforce a consent judgment entered into by the County of Cook and its officers against defendants John Stroger and Edwin Burnette ("Cook County") in their official capacities as officers of the County of Cook. Specifically, petitioners allege that Cook County has violated two provisions of a consent judgment resulting from

1

<u>Michael L. Shakman et al. v. The Democratic Organization of Cook County, et al.</u>, No. 69 C 2145 (N.D. Ill. January 7, 1994) (Williams, J.) (hereinafter "1994 Consent Judgment") in that Cook County (1) wrongfully designated, in violation of the consent judgment, positions as <u>Shakman</u> exempt and (2) failed to post notices containing descriptions of available jobs as required by the consent judgment.[1] On November 17, 2003, Cook County filed a motion to dismiss petitioners' complaint in its entirety on the basis of claim preclusion (res judicata) or issue preclusion (collateral estoppel) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion to dismiss the petition is granted.

## FACTS

All of the individual petitioners before this court are also the same and only plaintiffs in an ongoing case, Case No. 00 C 5296, pending before Magistrate Judge Arlander Keys, on consent, hereinafter referred to as <u>Kozlowski I</u>. Cook County argues that a ruling in <u>Kozlowski I</u> granting it partial summary judgment acts to bar the petitioners' present claims because of the doctrines of claim preclusion and issue preclusion. Therefore, it is necessary to describe in some detail the proceedings in <u>Kozlowski I</u>.

---

[1] On September 4, 2003, petitioners, through their counsel, moved this court to grant them leave "to File a First Amended Application <u>only</u> for the purpose of adding . . . parties. (Pet'r's Mot. to Am. at 1) (underlining in original). Despite petitioners representations that they were requesting leave to amend "<u>only</u>" for the purpose of adding parties, on September 12, 2003 petitioners filed a First Amended Complaint with several paragraphs of allegations that had been altered including at least three new paragraphs of allegations. This is improper and the court admonishes counsel that a lawyer's conduct in the course of litigation must remain true to representations the lawyer makes to the court to fully comply with the Code of Professional Conduct. <u>See</u> Local Rule 83.53.3 Conduct Before A Tribunal. Finally, while it is not necessary to the disposition of this motion, this court agrees with Cook County that because petitioners claim is for a violation of <u>Shakman</u>, their allegations of gender discrimination are "immaterial, impertinent, or scandalous" within the meaning of Federal Rule of Civil Procedure 12(f).

The original complaint in Kozlowski I, filed on August 30, 2000, named a number of Cook County officials, all in their official capacities, and also named Rita Fry (former Cook County Public Defender) in her individual and official capacity. This original complaint alleged two counts against the city: violations of Title VII and a Section 1983 claim for violations of Equal Protection and Due Process in that Cook County's employment practices discriminated against females. On February 2, 2001, Magistrate Judge Keys dismissed nearly all the named defendants, including Rita Fry in her individual capacity, leaving only the County of Cook and Rita Fry in her official capacity as defendants. On July 11, 2001, plaintiffs filed their First Amended Complaint naming Rita Fry in her official capacity as Cook County Public Defender and the County of Cook as defendants and alleging the same two counts as in the previous complaint. Discovery proceeded, and on March 29, 2002, plaintiffs filed a Second Amended Complaint. This Second Amended Complaint was the precursor to the summary judgment decision by Magistrate Judge Keys that forms the basis of Cook County's arguments that petitioners' present petition before this court is barred.

The Second Amended Complaint, and all of the litigation in Kozlowski I, was brought by the plaintiffs who are the same parties bringing the present petition before this court. This Second Amended Complaint named as defendants Rita Fry in her official capacity as Cook County Public Defender and the County of Cook. This Second Amended Complaint alleged six counts, including count IV, which alleged violations of a consent decree (hereinafter "1983 Consent Decree") entered into pursuant to the litigation in Shakman v. Democratic Organization of Cook County, 569 F. Supp. 177 (N.D. Ill. 1983). This count alleged that "[n]umerous provisions" of the consent decree in Shakman had been violated. (Second Am. Compl. in Case No. 00 C 5296 ¶ 57.) Plaintiffs moved for summary judgment on three counts, including the part of their Shakman claim alleging improper

notice. In support of this motion plaintiffs argued that "Defendants have violated the *Shakman* judgment by failing to post notices of all available job opportunities as required." (Pl.'s Mem. of Law in Supp. of Summ. J. in Case No. 00 C 5296 at 3.) Plaintiffs did not move for summary judgment on their claim that defendants were erroneously classifying positions as Shakman exempt because that claim "necessarily [gave] rise to the consideration of factual matters over which there is not likely to be agreement." (Id. at 5 n.4.) Defendants moved for summary judgment on all counts of plaintiffs' Second Amended Complaint. In regards to plaintiffs' Shakman claim, Cook County argued that it was entitled to summary judgment because plaintiffs failed to provide evidence that "political affiliation played any role in the outcome of any hire or promotion decision in the Public Defender's Office." (Def.'s Mem. of Law in Supp. of Summ. J. in Case No. 00 C 5296 at 51-53.) In response, plaintiffs also filed a memorandum of law opposing the defendant's motion for summary judgment. In this memorandum, under the subheading "Defendants Misconstrue the Nature of Plaintiffs' *Shakman* Claims and Fail to Meaningfully Address These" plaintiffs/petitioners argued:

> Plaintiffs allege that they have been harmed by defendants repeated and persistent violations of the various judgments in *Shakman*. As stated previously, defendants under the 1983 *Shakman* judgement are required to post notice of all available job opportunities . . . . The posting must contain a 'description of the nature of the job, the qualifications, the pay, and how and where to apply for a job.' . . . . Defendants have admitted that there has never been a posting for any job over a D4 level. . . .
> Furthermore, none of the positions claimed by defendants to be *Shakman*-exempt appear on the list which accompanies the 1994 Judgement . . . . Also, defendants have not produced a single document showing that the Court has approved the designation of so-called chief and director positions as exempt . . . . Therefore, defendants have repeatedly violated *Shakman* by failing to post notice of the availability of these positions – the highest paid in the office – and shielding them from competition.

(Pl.'s Mem. of Law in Opp'n to Summ. J. in Case No. 00 C 5296 at 28-29.) Plaintiffs go on to quote

4

extensively from the 1994 Consent Judgment to argue that no position at the Cook County Public Defender's Office should be classified as Shakman exempt. (Id. at 30-32.)

On December 30, 2002, Magistrate Judge Keys ruled on defendants' motion for summary judgment. In pertinent part, Magistrate Judge Keys granted defendants summary judgment on plaintiffs' count IV alleging a Shakman violation. In making its ruling Magistrate Judge Keys ruled that to succeed on their claims of Shakman violations, the plaintiffs must provide evidence that the defendants made "employment decisions based on the political affiliations of either the Plaintiffs or the individuals hired to fill the attorney supervisor vacancies." Kozlowski v. Fry, Case No. 00 C 5296, at 55 (N.D. Ill. Dec. 30, 2002). Magistrate Judge Keys granted the defendants' motion for summary judgment because the plaintiffs presented no evidence to rebut defendants' evidence that employment decisions were not based on political affiliations. Id. The Magistrate Judge also rejected the contention made by plaintiffs that "failure to properly post available job opportunities [and] needlessly classifying jobs as *Shakman* exempt" violated the Shakman consent decrees, because, in Magistrate Judge Keys' view, "even if [the defendants] . . . failed to post notices of job opportunities and erroneously designated certain positions as *Shakman*-exempt, these actions alone do not imply that improper political considerations led to the ultimate hiring or promotion decisions." Id. at 55-56. The lack of evidence regarding improper political consideration was fatal to the plaintiffs' case because, according to Magistrate Judge Keys, "the Seventh Circuit has clearly required that plaintiffs prove that political motivation led to unlawful hiring, and Plaintiffs have not presented, nor has the Court itself found, any case law to the contrary." Id. at 55. Furthermore, Magistrate Judge Keys reasoned that to find a Shakman violation without a "showing that a political motivation played any part in [an employment action], then the Court would be allowing a misuse of the protections provided by

5

*Shakman*, and its purpose would be thwarted." Id. at 56.

## ANALYSIS

Petitioners argue that Cook County has violated the 1994 Consent Judgment by (1) improperly designating certain positions as Shakman exempt and (2) failing to provide the notice of job availability allegedly required by the 1994 Consent Judgment. Cook County argues that petitioners present claims are barred under the doctrines of claim preclusion (res judicata) and issue preclusion (collateral estoppel) because of the Magistrate Judge's December 30, 2002 order granting Cook County summary judgment on the plaintiffs' claim of a Shakman violation.

1.  Claim Preclusion (Res Judicata)

"The doctrine of res judicata (claim preclusion) requires litigants to join in a single suit all legal and remedial theories that concern a single transaction." Roboserve, Inc. v. Kato Kagaku Co., 121 F.3d 1027, 1034 (7th Cir. 1997) (quoting Perkins v. Board of Trustees of the Univ. of Illinois, 116 F.3d 235, 236 (7th Cir. 1997)). Thus, "claims based on the same, or nearly the same, factual allegations must be joined". Id. (quoting Perkins v. Board of Trustees of the Univ. of Illinois, 116 F.3d 235, 236-37 (7th Cir. 1997). Failure to join such claims results not only in a bar to issues actually decided in prior litigation but also as to any issues which could have been raised in the prior litigation. Id. Claim preclusion bars a claim when three requirements are met: "(1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." Id. (citation omitted).

A.  Identity of the Causes of Action

For purposes of claim preclusion analysis, "a cause of action consists of a 'single core of operative facts' which give rise to a remedy." Id. (quoting Golden v. Barenborg, 53 F.3d 866, 869 (7th Cir. 1995)). As the Seventh Circuit has explained:

> Even though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action. If the same facts are essential to the maintenance of both proceedings or the same evidence is needed to sustain both, then there is identity between the alleged different causes of action asserted

Mandarino v. Pollard, 718 F.2d 845, 849 (7th Cir. 1983) (quoting Lee v. City of Peoria, 685 F.2d 196, 200 (7th Cir. 1982).

The core of operative facts essential to the maintenance of petitioners' present claims are identical to the facts giving rise to petitioners' previous suit in Kozlowski I. Petitioners are currently asserting that Cook County is violating the 1994 Consent Judgment by failing to provide proper notice of job availabilities and erroneously classifying certain jobs as Shakman exempt. As explained in detail under this court's analysis of defendants' issue preclusion argument, this same issue was raised in Kozlowski I. The same argument, regarding the same alleged violations of failing to provide proper notice and erroneous use of exemptions, certainly rest on the same core of operative facts.

Even if this court were to accept petitioners' argument that the only issue relating to Shakman they raised in Kozlowski I was the enforcement of the 1983 Consent Decree (and not the 1994 Consent Judgment), this court would still find an identity of causes action. First, this court is not convinced of the relevance of whether the 1994 Consent Judgment was actually raised in Kozlowski I because the 1983 Consent Decree, at least with respect to petitioners' claims, provides the same rights and enforcement procedures petitioners now assert under the 1994 Consent Judgment. The notice procedures required by the 1983 Consent Decree expired ten years after its entry, Shakman v. Democratic Organization of Cook, 569 F.Supp. 177, 180 (N.D. Ill. 1983), and the 1994 Consent Judgment renewed these provisions, and restated the provisions regarding exempt positions, with nearly verbatim language. Regardless, the causes of action are identical even assuming that (1) the

7

1994 Consent Judgment was never raised in Kozlowski I, and (2) the 1994 Consent Judgment provides rights and a remedy distinct from the 1983 Consent Decree. The 1983 Consent Decree details procedures for proper notice and proper application of exemptions. Thus, even if the 1994 Consent Judgment provides materially different standards for such notice and application of exemptions, the underlying facts of how Cook County provides notice and applies the exemptions remain the same, and petitioners do not contest this. The fact that petitioners now seek to vindicate their rights through a legal challenge allegedly not utilized in Kozlowski I is irrelevant for claim preclusion analysis and does not change the fact that the common core of operative facts between these two suits remains identical – Cook County's job hiring and promotion procedures, specifically as these procedures relate to notice of jobs and application of the Shakman exemption.

The only facts that petitioners assert as distinguishing the current case from Kozlowski I is that two of the seven plaintiffs now hold positions designated by Cook County as Shakman exempt and that the initial complaint in Kozlowski I was filed more than three years ago. At the time of Kozlowski I none of the petitioners held positions designated as Shakman exempt. According to petitioners, this fact renders claim preclusion inapplicable because these two petitioners, due to their promotion to exempt positions, now have less job security because they can be replaced based upon political considerations. This fact is not necessary to the maintenance of this proceeding or the Shakman claims in Kozlowski I because both of these concern Cook County's adherence to what petitioners allege are requirements under Shakman. Furthermore, this new fact does not create a new "wrong" or transaction upon which a suit may be based.[2]

---

[2]Petitioners are not arguing that they have suffered adverse employment action in their exempt positions acquired after Kozlowski I.

8

B. <u>Identity of Parties</u>

The parties or their privities are the same in the two cases. It is undisputed that the current petitioners and the plaintiffs in <u>Kozlowski I</u> are the same. It also cannot be disputed, despite petitioners' attempt to do so, that the current defendants and the defendants in <u>Kozlowski I</u> are the same for purposes of claim preclusion analysis. "A government and its officers are in privity for purposes of res judicata." <u>Mandarino v. Pollard</u>, 718 F.2d 845, 850 (7th Cir. 1983) (citations omitted). In <u>Kozlowski I</u> summary judgment on plaintiffs' claims of <u>Shakman</u> violations was entered against defendants Rita Fry in her official capacity as Cook County Public Defender and Cook County. The current action is brought against Edwin Burnette in his official capacity as the Cook County Public Defender and John Stroger in his official capacity as President of Cook County Board of Commissioners. Thus, the defendants in both cases are identical because they are either Cook County (the government) or its officers.

Petitioners do not dispute that Cook County and its officers are in privity, but do argue that in <u>Kozlowski I</u> "[Rita] Fry was named in her individual capacity" and therefore she "was not in privity with the County." (Pet'r's Mem. at unnumbered 6th page.) Petitioners support this argument with case law suggesting that it is unclear under Illinois law that officers sued in their individual capacity are not in privity for purposes of claim preclusion. The issue of whether an officer sued in his or her individual capacity is in privity with a government for purposes of claim preclusion is not relevant to this case because the judgment alleged to preclude the current petition was clearly entered in favor of Cook County (the government) and Rita Fry in her official capacity (the government's officer). It is true that Rita Fry was named in her individual capacity when the plaintiffs first filed <u>Kozlowski I</u> on August 30, 2000. However, Magistrate Judge Keys on February 2, 2001 dismissed the individual

9

capacity suit against Rita Fry leaving only her, in her <u>official</u> capacity and Cook County as defendants. Since that order on February 2, 2001, up to and through the summary judgment decision on December 30, 2002 at issue here, the only defendants in <u>Kozlowski I</u> have been Rita Fry in her official capacity and Cook County. Plaintiffs' First and Second Amended Complaints in <u>Kozlowski I</u> (the latter forming the basis of the judgment raising the issue of claim preclusion) both named only Cook County and Rita Fry in her official capacity as defendants. Petitioners cannot maintain the argument that the Rita Fry, in her individual capacity, was a party in <u>Kozlowski I</u>.

C. <u>Final Judgment</u>

For claim preclusion to apply there must be a final judgment on the merits. The judgment put forth by Cook County as a final judgment on the merits is Magistrate Judge Keys' ruling on the cross motions for summary judgment in <u>Kozlowski I</u>. Cook County argues that a grant of summary judgment constitutes a final judgment on the merits for claim preclusion purposes.[3] Cook County is correct that a grant of summary judgment is "on the merits" for purposes of claim preclusion. <u>Spiegel v. Continental Illinois Nat. Bank</u>, 790 F.2d 638, 645 (7th Cir. 1986); 18A Wright Miller & Cooper, <u>Federal Practice and Procedure</u> § 4444 (2d ed. 2002) ("Both claim preclusion and issue preclusion result from summary judgments.") However, the decision in this case, while on the merits, was also a "partial" grant of summary judgment. It granted Cook County summary judgment as to plaintiffs'

---

[3] In support, Cook County cites to three unpublished Seventh Circuit opinions. This use of unpublished opinions violates Seventh Circuit Rule 53. "Except to support a claim of res judicata, collateral estoppel or law of the case," an unpublished opinion "shall not be cited or used as precedent" Seventh Circuit Rule 53(b)(2)(iv). The purpose of the exception in Seventh Circuit Rule 53 quoted above is to allow a party to put forth an opinion that forms the factual basis of a claim of res judicata, collateral estoppel or law of the case. The fact that Cook County argues res judicata and collateral estoppel applies in this case does not give it license to cite unpublished opinions for general propositions of law. Thus, Cook County's cases regarding finality are of no precedential value to this court.

10

claims of Shakman violations. It also denied summary judgment as to three claims. Thus, Kozlowski I is currently an active case with three claims still pending. Finally, the judgment in Kozlowski I does not refer to Federal Rule of Civil Procedure 54(b), which states that in the absence of a determination that there is no just reason for delay of entry of a final judgment any decision which adjudicates fewer than all the claims shall not terminate the action. The preceding raises the question whether the decision in Kozlowski I was "final" for purpose of claim preclusion.

Petitioners make no arguments regarding whether the summary judgment in Kozlowski I is final for claim preclusion purposes. They argue that the Kozlowski I decision is not on the merits because Magistrate Judge Keys did not reach the issues currently before this court. This court disagrees with that interpretation, but for purposes of claim preclusion it is irrelevant whether the plaintiffs presented and whether Magistrate Judge Keys ever decided the issues petitioners now present to this court, so long as the issues petitioners now present were part of the same cause of action present in Kozlowski I. This court has ruled that there exists an identity of causes of action between this case and Kozlowski I, therefore, petitioners' contention that the issues they now present "should not be barred" by claim preclusion because they "have not been litigated or decided" (Pet'r's Mem. at unnumbered 6th page) is unavailing because one of the very functions of claim preclusion is to bar such issues. See Roboserve 121 F.3d at 1034 ("Res judicata . . . operates not only as a bar to the further litigation of matters decided in the prior action, but also to any issues which could have been raised.") (citation omitted).

Petitioners may have argued that a partial summary judgment decision is not final for claim preclusion purposes, especially, whereas in this case, the decision does not conform to Rule 54(b). See Golman v. Tesoro Drilling Corp., 700 F.2d 249, 253 (5th Cir. 1983). Nevertheless, this court

11

concludes that under current Seventh Circuit law the partial summary judgment decision in Kozlowski I is final for purposes of res judicata. In Tate v. Showboat Marina Casino P'ship, 250 F.Supp.2d 958, 960 (N.D. Ill. 2003), District Judge St. Eve ruled that a "partial summary judgment order is sufficiently final for purposes of res judicata." In making that ruling, Judge St. Eve cited to Alexander v. Chicago Park District, 773 F.2d 850 (7th Cir. 1985) where the Seventh Circuit held that "[t]he district court was . . . correct that the [partial summary judgment order] was sufficiently final for res judicata purposes even if not appealable." Id. at 855. As Judge St. Eve explained, later cases have cast doubt on the holding in Alexander, see EEOC v. Harris Chernin, Inc., 10 F.3d 1286, 1290 n.5 (7th Cir. 1993) (noting that Alexander's ruling on finality for purposes of claim preclusion (res judicata) rested solely on cases dealing with issue preclusion (collateral estoppel) but left "to a panel in some future case to deal with the tension" between Alexander and another Seventh Circuit case), but, Alexander still remains good law in this circuit. Accordingly, the decision in Kozlowski I is sufficiently final for res judicata purposes.

Therefore, claim preclusion bars the current petition because between the current petition and the final decision on the merits in Kozlowski I there exists and identity of causes of actions and parties.

II.   Issue Preclusion (Collateral Estoppel)

Even if claim preclusion were not to bar petitioners' claims, the claims would still be barred by issue preclusion (collateral estoppel). The doctrine of issue preclusion applies when (1) the issue that one party seeks to preclude is identical to an issue involved in the prior action, (2) the issue must have been actually litigated in the prior action; (3) the determination of the issue must have been essential to the final judgment in the prior action; and (4) the party precluded from relitigating the issue must have been represented in the prior action. Chicago Truck Drivers v. Century Motor Freight, Inc.,

125 F.3d 526, 530 (7th Cir. 1997).

All four of these elements are satisfied in this case. The issue petitioners currently present to this court, based on the 1994 Consent Judgment, is whether Cook County has failed to provide proper notice and misapplied the allowed exemptions. This exact issue was argued in Kozlowski I where "Plaintiffs allege[d] that they [had] been harmed by defendants repeated and persistent violations of the various judgments in *Shakman*" (Pl.'s Mem. of Law in Opp'n to Summ. J. in Case No. 00 C 5296 at 28) that "require[] [the defendants] to post notice of all available job opportunities" (Id.) and to seek court approval of "the designation of so-called chief and director positions as exempt" (Id. at 29). Petitioners further argued that "defendants [in Kozlowski I had] repeatedly violated *Shakman* by failing to post notice of the availability of these positions – the highest paid in the office – and shielding them from competition." (Id.). Finally, in their briefs in Kozlowski I, petitioners stated that "none of the positions claimed by defendants to be *Shakman*-exempt appear on the list which accompanies the 1994 Judgment" and then quoted extensively from the 1994 Judgment. (Id. at 28-30).

This court rejects any assertion that the 1994 Consent Judgment was not litigated in Kozlowski I and instead rules that the issue of its enforcement in regard to notice and exemptions (which petitioners now address to this court) was actually litigated in Kozlowski I because petitioners cited and argued the judgment in front of the Magistrate Judge in an effort to have the court rule that they, the plaintiffs, had "been harmed by defendants repeated an persistent violations of the various judgments in *Shakman*." (Id. at 28.) The fact that the 1983 Consent Decree was also argued in Kozlowski I and is not argued here is irrelevant because the raising of the 1983 Consent Decree does not change the fact that petitioners actually litigated the 1994 Consent Judgment in Kozlowski I. As

13

petitioners stated, their claim in Kozlowski I was based on the "judgments in *Shakman*." (Id.) Therefore, because petitioners presented the identical arguments in Kozlowski I regarding Cook County's notice and exemption procedures that they now present to this court, this court concludes that the first two elements of issue preclusion have been satisfied.

The third requirement of issue preclusion is also present because Magistrate Judge Keys ruled directly on the issue, thus making its determination "essential," and the partial summary judgment grant is a final decision for purposes of issue preclusion. Amcast Indus. Corp. v. Detrex Corp., 45 F.3d 155, 158 (7th Cir. 1995) ("[A] good deal more latitude is allowed [regarding finality] when collateral estoppel is invoked rather than res judicata."); see also Gilldorn Savings Ass'n v. Commerce Savings Ass'n, 804 F.2d 390, 393 (7th Cir. 1979). The defendants in Kozlowski I argued on summary judgment that plaintiffs' claims must fail because they failed to provide evidence of improper political considerations. (Def.'s Mem. of Law in Supp. of Summ. J. in Case No. 00 C 5296 at 51-53.) The plaintiffs responded in a subheading that the defendants had: "Misconstrue[d] the Nature of Plaintiffs' *Shakman* Claims and Fail[ed] to Meaningfully Address These" (Pl.'s Mem. of Law in Opp'n to Summ. J. in Case No. 00 C 5296 at 28-29) and then went on to argue that "Plaintiffs allege that they have been harmed by defendants repeated and persistent violations of the various judgments in *Shakman*." (Id.)

Magistrate Judge Keys, agreeing with defendants, ruled against petitioners because "even if [the defendants in Kozlowski I] failed to post notices of job opportunities and erroneously designated certain positions as *Shakman*-exempt, these actions alone do not imply that improper political considerations led to the ultimate hiring or promotion decisions," Kozlowski v. Fry, Case No. 00 C 5296, at 55 (N.D. Ill. Dec. 30, 2002), and according to Magistrate Judge Keys, this evidence of

14

improper political consideration was fatal to plaintiffs' claims of a Shakman violation because "the Seventh Circuit has clearly required that plaintiffs prove that political motivation led to unlawful hiring" Id. Magistrate Judge Keys buttressed his conclusion that plaintiffs could not allege a violation of Shakman without showing improper political considerations because, to rule otherwise, "the Court would be allowing a misuse of the protections provided by *Shakman*, and its purpose would be thwarted." Id. at 56. In rejecting petitioners' arguments that "defendants have repeatedly violated *Shakman* by failing to post notice of the availability of these positions . . . and shielding them from competition" (Pl.'s Mem. of Law in Opp'n to Summ. J. in Case No. 00 C 5296 at 28-29) Magistrate Judge Keys necessarily made a legal ruling that petitioners' claims regarding Cook County's violation of Shakman judgment requirements could not be maintained without evidence of improper political considerations.

Petitioners argue to this court that "absolutely nothing in the 1994 [Consent] Judgment even remotely suggests" (Pet.'r's Mem. at unnumbered 7th page) that petitioners must prove improper political considerations to maintain an action for enforcement of that judgment. Nevertheless, Magistrate Judge Keys ruled against petitioners on this issue and it is not this court's place to rule to the contrary when the same party is presenting the same matter previously adjudicated. If petitioners disagree with the decision they must appeal it, they cannot ask this court to hear the same issues that have already been adjudicated against them. Hudson v. Hedge, 27 F.3d 274, 276 (7th Cir. 1994) (holding that a plaintiff "cannot use a new suit to contend that the disposition of the first was mistaken.")

Petitioners' also attempt to circumvent the ruling in Kozlowski I by arguing that even if the Magistrate Judge Keys addressed enforcement of Shakman's procedures (as opposed to direct political

15

discrimination) it was only with reference to the 1983 Consent Decree and not the 1994 Consent Judgment. First, the clear record, as this court explained above, and even petitioners' briefs belie the conclusion that Magistrate Judge Keys did not address the issue of enforcement of Shakman's notice and exemption procedures as well as whether petitioners were directly discriminated again. Petitioners' brief states: "[Magistrate Judge Keys'] decision demonstrates that he conceived of plaintiffs' claim as a claim alleging *political discrimination* and or as a request to enforce the 1983 *Shakman* judgment." (Pet'r's Mem. at unnumbered 3d page.) Thus, it cannot be disputed that Kozlowski I went past the issue of improper political discrimination and ruled directly on petitioners' argument that Cook County was violating Shakman regardless of whether plaintiffs made a showing of improper political consideration. Therefore, even if this court were to accept petitioners' argument that enforcement of the 1994 Consent Judgment (as opposed to the 1983 Consent Decree) was never addressed by the court in Kozlowski I, and that enforcement of the 1994 Consent Judgment is a legal issue distinct from the 1983 Consent Judgment, this court would still dismiss petitioners claims for failing to allege improper political considerations on the part of the defendant because petitioners are now bound by the determination, necessary to the decision in Kozlowski I, that a claim for violating Shakman's procedures cannot be maintained without a showing of improper political considerations.

This court need not dismiss the petition on that basis because, as this court has already explained in detail, the issue of enforcing the 1994 Consent Judgment was actually ruled on by the Magistrate Judge in Kozlowski I when he ruled against the plaintiffs on summary judgment. Petitioners' assertion that "the issue of the *enforcement* of the 1994 [Consent] Judgment was not before the court in Kozlowski I" is disingenuous at best given the fact that petitioners argued, cited, and extensively quoted the 1994 Consent Judgment in their briefs opposing summary judgment in

16

Kozlowski I in an attempt to convince that court that the judgments' requirements had been violated. Just because Magistrate Judge Keys did not cite the 1994 Consent Judgment does not mean his decision did not reach that issue. Magistrate Judge Keys clearly ruled that absent improper political considerations it was immaterial whether the defendants failed to follow the procedures of Shakman. Furthermore, it is not surprising Magistrate Judge Keys did not find it necessary to distinguish between the two nearly identical judgments, especially considering the fact he ruled that no judgment could be enforced without a showing of improper political considerations. Finally, the last requirement of issue preclusion is met because the petitioners were represented in Kozlowski I by the same attorneys that represent them now.

To conclude, petitioners argued to Magistrate Judge Keys that defendant Cook County was violating the notice and exemption procedures contained in the 1983 and 1994 Shakman judgments. The Judge ruled against petitioners on these claims. Petitioners now bring these same claims before this court. These claims are precluded by the decision in Kozlowski I.

## CONCLUSION

For the foregoing reasons defendant's motion to dismiss is granted.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: January 27, 2004

# United States District Court
## Northern District of Illinois
### Eastern Division

SHAKMAN et al

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 03 C 4819

THE DEMOCRATIC PARTY
ORGANIZATION OF COOK
COUNTY et al

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that petitioners argued to Magistrate Judge Keys that defendant Cook County was violating the notice and exemption procedures contained in the 1983 and 1994 Shakman judgments. The Judge ruled against petitioners on these claims. Petitioners now bring these same claims before this court. These claims are precluded by the decision in Kozlowski I. For the foregoing reasons, this action is dismissed in its entirety.

Michael W. Dobbins, Clerk of Court

Date: 1/27/2004

J. Smith, Deputy Clerk